IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-73,213-01, 73,213-02, 73,213-03,
73,213-04, 73,213-05, 73,213-06 & 73,213-07 




EX PARTE JOHN FRANCIS ROBBEN, SR., Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. CRAC-06-061, CRAC-06-062, CRAC-06-063, 
CRAC-06-070, CRAC-06-071, CRAC-06-072, & CRAC-06-073 
IN THE 216TH DISTRICT COURT
FROM BANDERA COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts
of aggravated sexual assault of a child and four counts of indecency with a child. He was sentenced
to life imprisonment for each aggravated sexual assault of a child count and to twenty years’
imprisonment in each indecency of a child count. The life sentences run consecutively to one
another. The twenty year sentences run concurrently with each other, but consecutively to the last
life sentence. The Fourth Court of Appeals affirmed his convictions. Robben v. State, Nos. 04-07-00019-CR, 04-07-00020-CR, 04-07-00021-CR, 04-07-00022-CR, 04-07-00023-CR, 04-07-00024-CR, 04-07-00025-CR (Tex. App.–San Antonio, March 5, 2008, no pet.) (not designated for
publication). 
            Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his convictions had been affirmed and failed to advise him of
his right to petition for discretionary review pro se.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791, 795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide appellate counsel with the opportunity to respond to Applicant’s claim of ineffective
assistance of counsel on appeal. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection.
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether Applicant’s appellate counsel timely
informed Applicant that his convictions had been affirmed and that he has a right to file pro se
petitions for discretionary review. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim for
habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues.
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing
or deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: January 27, 2010
Do not publish